IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03352-BNB

MARTIN PHILLIP GUARNEROS

     Applicant,

v.

GARY WILSON, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

     Respondents.

---

## ORDER OF DISMISSAL

---

     Applicant, Martin Phillip Guarneros, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  At the time he filed this action, Applicant was held at the Denver County Jail in Denver, Colorado.  As of January 4, 2013, Applicant no longer is incarcerated and now resides in Denver, Colorado.  *See* ECF No. 8.

     On December 28, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response to the Application and address the affirmative defenses of timeliness and exhaustion of state court remedies.  After receiving an extension of time, Respondents filed a Pre-Answer Response on February 15, 2013.  Although a copy of the Response was sent to Applicant's home address in Denver, Colorado, *see* ECF No. 14, he did not reply to the Pre-Answer Response.

     The Court must construe the Application liberally because Applicant is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991). However, the Court should not act as a pro se litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Applicant asserts that at the time he filed the Application he had not been sentenced. Application at 2. Applicant raises three claims but concedes he has not raised these claims on direct appeal or in a postconviction proceeding in state court. Applicant contends that he is not required to raise the claims in state court because the claims are brought only under "exclusive federal jurisdiction." *Id.* at 5. Applicant raises three claims, including: (1) district attorney's failure to disclose exculpatory facts; (2) double jeopardy violation; and (3) ineffective assistance of counsel. *Id.* at 5-6.

A state prisoner must exhaust state court remedies before he may pursue a federal constitutional claim in a habeas corpus action in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Also, "[a] state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his . . . claims through one 'complete round of the State's established appellate review process.' " *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Because Applicant was sentenced on January 3, 2013, he could not have exhausted his claims or completed a civil habeas action for a review on the merits in

2

state court.  It also does not appear that Applicant would have pursued his federal claims in state court because he asserts in the Application that a review of federal claims by the state court is not required.  Furthermore,  Respondents assert that Applicant has two remedies in state court that are available to challenge his three claims, including a direct appeal and a postconviction proceeding pursuant to Colo. R. Crim. P. 35(c).

Because Applicant is required to exhaust his federal claims in state court before initiating a federal habeas action in this Court, and he has remedies available in state court to raise his federal claims, the Application will be denied and the action dismissed for failure to exhaust.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court review. It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED March 18, 2013, at Denver, Colorado.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4